**Opinion filed June 13, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00100-CV
_____

**ERIC DEWAYNE BURNS SR.; ERIC DEWAYNE BURNS JR.; AND VENNETTA BURNS, Appellants**

**V.**

**DEBRA LYNN LOWRY AND LIBERTY COUNTY MUTUAL INSURANCE COMPANY, Appellees**

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 13224-D**

## M E M O R A N D U M   O P I N I O N

Appellants, Eric Dewayne Burns Sr., Eric Dewayne Burns Jr., and Vennetta Burns, have filed a pro se notice of appeal, which purports to appeal the trial court's order granting Appellee Liberty County Mutual Insurance Company's Rule 91a motion to dismiss. The order granting Liberty County Mutual's motion to dismiss does not indicate that it filed its Rule 91a motion jointly with Appellee Debra Lynn Lowry, or that the trial court granted the motion jointly, with Appellee Debra Lynn

Lowry or any other defendant in the proceedings below. The trial court's order does not dispose of all remaining parties and claims or include unequivocal finality language indicating that it is a final order, that the order is appealable, or that the order disposes of all claims and parties before the court. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Mgrs. of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)).

In a letter dated April 22, 2024, the clerk of this court wrote the parties and informed them that it did not appear that Appellants were attempting to appeal from a final, appealable order. We requested that Appellants respond and show grounds to continue the appeal. We also informed Appellants that this appeal may be dismissed. Appellants did not respond to our request and show grounds to continue this appeal; instead, they opted to file a petition for writ of mandamus, alleging failures by the trial court and the court reporter in the trial court proceedings below.[1]

Appellate courts may review only final judgments or interlocutory orders specifically made appealable by statute. *See Lehmann*, 39 S.W.3d at 195. A trial court's interlocutory order granting a Rule 91a motion to dismiss is not an appealable order. *See Woodard v. Tu*, No. 02-22-00483-CV, 2023 WL 2429796, at *1 (Tex. App.—Fort Worth Mar. 9, 2023, no pet.) (mem. op.) (collecting cases). In this regard, a judgment rendered without a conventional trial on the merits is not final unless it "(1) dispose[s] of all remaining parties and claims then before the court, regardless of its language; or (2) include[s] unequivocal finality language that expressly disposes of all claims and parties." *Sealy Emergency Room*, 685 S.W.3d at 820. The trial court's order granting one Appellee's Rule 91a motion to dismiss

---

[1] We have today denied the petition for writ of mandamus. *See In re Eric Dewayne Burns Sr.; Eric Dewayne Burns Jr.; and Vennetta Burns*, No. 11-24-00166-CV (Tex. App.—Eastland June 13, 2024, orig. proceeding).

does neither.  Because the trial court's interlocutory order is not a final judgment and is not independently appealable, we are without jurisdiction to consider it. Therefore, we must dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

Accordingly, this appeal is dismissed for want of jurisdiction.


JOHN M. BAILEY

CHIEF JUSTICE


June 13, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.